# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JANE DOE 1, JANE DOE 2, JANE DOE 3,
JOHN DOE 1, and JOHN DOE 2,

        Plaintiffs,

    v.

DONALD J. TRUMP,
President of the United States
1600 Pennsylvania Avenue, NW
Washington, DC 20500

ELAINE L. CHAO,                                          Civil Action No. 19-51
Secretary of Transportation
U.S. Department of Transportation
1200 New Jersey Avenue, SE
Washington, DC 20590

MATTHEW G. WHITAKER,
Acting Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

SONNY PERDUE,
Secretary of Agriculture
U.S. Department of Agriculture
1400 Independence Avenue, SW
Washington, DC 20250

KIRSTJEN M. NIELSEN,
Secretary of Homeland Security
U.S. Department of Homeland Security
245 Murray Lane, SW
Washington, DC 20528

and

THE UNITED STATES OF AMERICA

        Defendants.

**COMPLAINT**
**(The United States Constitution; Declaratory Judgment Act; Fair Labor Standards Act; and Anti-Deficiency Act)**

Plaintiffs Jane Doe 1, Jane Doe 2, Jane Doe 3, John Doe 1, and John Doe 2, by and through undersigned counsel, bring this Complaint against President Donald J. Trump, in his official capacity; Secretary of the Department of Transportation Elaine L. Chao, in her official capacity; Acting Attorney General Matthew G. Whitaker, in his official capacity; Secretary of Agriculture Sonny Perdue, in his official capacity; Secretary of Homeland Security Kirstjen M. Nielsen, in her official capacity; the United States of America; their employees, agents, constituent agencies and components, and successors in office ("Defendants").  Jane Doe 1 joins this complaint as to all Counts.  Jane Doe 2, Jane Doe 3, and John Doe 1 join this complaint only as to Counts 1-6.  John Doe 2 joins this complaint only as to Count 2.  Plaintiffs are filing a Motion to File Under a Pseudonym simultaneous to this complaint.

Regarding their respective Counts, Plaintiffs allege as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiffs Jane Doe I, Jane Doe II, Jane Doe III, and John Doe I bring this action as federal employees who are compelled to work without pay in violation of Articles I and II and the Fifth and Thirteenth Amendments of the United States Constitution; the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., ("FLSA"); the Anti-Deficiency Act, 31 U.S.C. §§ 1341, 1342 ("Anti-Deficiency Act").  And, with respect to John Doe 2, furloughed without authorization to obtain outside employment in violation of the Fifth Amendment of the United States Constitution.

2.      On December 22, 2018, Defendants initiated a partial government shutdown due to a lapse in appropriations.  In doing so, Defendants identified Plaintiffs as either "excepted" or "non-excepted" employees.  "Excepted" employees are "employees who are funded through annual appropriations who are nonetheless excepted from the furlough . . ." under guidance issued by the U.S. Office of Personnel Management ("OPM").

3.      "Non-excepted" employees are those who are subject to furlough and ordered to not report to work.

4.      Jane Doe 1, Jane Doe 2, Jane Doe 3, and John Doe 1 were designated as "excepted" employees and subsequently ordered and required by the Defendants to work without pay until such time as the lapse in appropriations is to end.

5.      John Doe 2 was designated as a "non-excepted" employee and subsequently ordered to not report to work and remain in a furlough status.

6.      The President of the United States stated on January 4, 2019, that this lapse in appropriations could last, and Plaintiffs would remain in their respective statuses, for "months or even years."

7.      Plaintiffs seek permanent injunctive relief preventing Defendants from (1) requiring employees to report for duty without pay during the current lapse in government appropriations; (2) taking any adverse action other than a furlough against employees who decline to report for duty without pay during the current lapse in government appropriations; and (3) restricting employees' ability to obtain outside employment (or other form of compensation) during the current lapse in government appropriations.

8.      Plaintiffs seek a declaratory judgment that the Defendants' requirement that "excepted" employees report to work without pay and continued imposition of restrictions on outside employment during the current lapse in government appropriations violates Articles I and II and the Fifth and Thirteenth Amendments of the United States Constitution; the Fair Labor Standards Act; and the Anti-Deficiency Act.

9.      Plaintiffs seek nominal damages and all costs, fees, and expenses incurred as a result of this action.

## JURISDICTION AND VENUE

10.     This action is brought against the government of the United States of America, and its agents, as Defendants under the Constitution and laws of the United States.  This Court therefore has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1346.

11.     Plaintiffs' claims for declaratory as well as permanent injunctive relief are authorized by and subject to the jurisdiction of this Court under 28 U.S.C. §§ 2201, 2202.

12.     Venue is properly in this Court under 28 U.S.C. § 1391(e) because Defendants' principal places of business are in the District of Columbia and a substantial part of the acts giving rise to Plaintiffs' claims occurred in the District.

13.     This Court has authority to award Plaintiffs their reasonable costs and attorneys' fees pursuant to 28 U.S.C. § 2412.

## PARTIES

14.     Plaintiff Jane Doe 1 is an employee of the U.S. Department of Transportation.

15.     Plaintiff Jane Doe 2 is an employee of the U.S. Department of Justice.

16.     Plaintiff Jane Doe 3 is an employee of the U.S. Department of Agriculture.

17.     Plaintiff John Doe 1 is an employee of the U.S. Department of Justice.

18.     Plaintiff John Doe 2 is an employee of the U.S. Department of Homeland Security.

19.     Defendants are the United States of America, appointed officials of the United States government, and United States governmental agencies responsible for the administration, enforcement, and implementation of policies related to the laws and constitutional provisions that are the subject of this suit.

20.     Defendant U.S. Department of Transportation is an executive agency of the United States government.

21.     Defendant U.S. Department of Justice is an executive agency of the United States government.

22.     Defendant U.S. Department of Agriculture is an executive agency of the United States government.

23.     Defendant U.S. Department of Homeland Security is an executive agency of the United States government.

24.     Defendant Donald J. Trump is sued in his official capacity only as President of the United States.  In that capacity, Defendant Trump is responsible for the relevant actions by the executive agencies of the United States government that are the subject of this suit.

25.     Defendant Elaine L. Chao is sued in her official capacity only as Secretary of the U.S. Department of Transportation.  In that capacity, Defendant Chao is responsible for the relevant actions by the U.S. Department of Transportation that are the subject of this suit.

26.     Defendant Matthew G. Whitaker is sued in his official capacity only as Acting Attorney General of the U.S. Department of Justice.  In that capacity, Defendant Whitaker is responsible for the relevant actions by the U.S. Department of Justice that are the subject of this suit.

27.     Defendant Sonny Perdue is sued in his official capacity only as Secretary of the U.S. Department of Agriculture.  In that capacity, Defendant Perdue is responsible for the relevant actions by the U.S. Department of Agriculture that are the subject of this suit.

28.     Defendant Kirstjen M. Nielsen is sued in her official capacity only as Secretary of the U.S. Department of Homeland Security.  In that capacity, Defendant Nielsen is responsible for the relevant actions by the U.S. Department of Homeland Security that are the subject of this suit.

## STATEMENT OF FACTS

29.     Beginning at 12:01 AM on December 22, 2018, Defendant United States of America initiated a partial government shutdown due to a lapse in appropriations.

30.     The U.S. Department of Transportation; U.S. Department of Justice; U.S. Department of Agriculture; and U.S. Department of Homeland Security, including their constituent agencies, are among the executive agencies affected by the partial government shutdown.  On December 21-22, 2018, Defendants effected their government shutdown procedures due to the lapse in government appropriations.

31.     As part of standard government shutdown procedures, Defendants designated all employees in affected agencies as either Excepted Employees or Non-Excepted Employees.

32.     Excepted Employees are required to report to work and perform their assigned duties without compensation while the lapse in government appropriations continues.  These excepted employees are ordered to do so and therefore not volunteering their services without pay.

33.     Non-Excepted Employees are placed in a furlough status, ordered to not report to work or perform their assigned duties, and are not compensated while the lapse in government appropriations continues.

34.     According to OPM guidance, Excepted Employees who refuse to report for duty as ordered must be placed in an AWOL status.

35.     Employees placed in an AWOL status may be subject to discipline by the Defendants up to and including removal from federal service.

36.     On or about December 21, 2018, Defendants identified Plaintiffs Jane Doe 1, Jane Doe 2, Jane Joe 3, and John Doe 1 as Excepted Employees.

37.     On or about December 21, 2018, Defendants identified Plaintiff John Doe 2 as a Non-Excepted Employee.

38.     Plaintiffs are each career, competitive service employees who may only be removed from federal service for good cause.

39.     Plaintiffs maintain property interests in retaining their employment with the Defendants, consistent with the Fifth Amendment to the Constitution.

40.     Defendants cannot guarantee that Plaintiffs will receive compensation for work performed during the lapse in government appropriations or when such lapse in appropriations will end.  The President of the United States stated on January 4, 2019, that this lapse in appropriations could last for "months or even years."

41.     Consistent with the Defendants' orders, Plaintiffs Jane Doe 1, Jane Doe 2, Jane Doe 3, and John Doe 1 have reported for work and performed their assigned duties without compensation since the lapse in government appropriations began.

42.     Consistent with the Defendants' orders, Plaintiff John Doe 2 is currently in a furlough status, has not reported to work or performed his assigned duties.

43.     Consistent with the Defendants' orders, all Plaintiffs have abstained from obtaining outside employment.

## COUNT I
## Violation of the Thirteenth Amendment

44.     Plaintiffs incorporate paragraphs 1–43 herein.

45.     Plaintiffs Jane Doe 1, Jane Doe 2, Jane Doe 3, and John Doe 1 are required to work without pay as a condition of their employment under threat of being placed in an absent without leave (AWOL) status and threat of adverse action for such AWOL.

46.     If Plaintiffs refuse the Defendants' orders to work without pay, they would be subject to discipline up to and including removal from federal service.

47.     If Plaintiffs refuse the Defendants' orders to work without pay, they could be stripped of their property interest in continuing federal employment.

48.     Plaintiffs continue to work without pay only due to the possibility they would be stripped of their property interests if they refused the Defendants' unlawful orders.

49.     Plaintiffs are therefore required to perform involuntary, unpaid service as a prerequisite to maintaining their property interests.

50.     The Thirteenth Amendment prohibits the imposition of involuntary servitude on any individual in the United States, except as a punishment for crime.

51.     Defendants' requirement that Plaintiffs perform involuntary, unpaid service under threat of deprivation of Plaintiffs' property interests violates the Thirteenth Amendment's prohibition against involuntary servitude.

## COUNT II
## Violation of the Fifth Amendment

52.     Plaintiffs incorporate paragraphs 1–51 herein.

53.     Plaintiffs Jane Doe 1, Jane Doe 2, Jane Doe 3, and John Doe 1 are required to work their otherwise normal duties and schedule during the current lapse in government appropriations.  Were they not obligated to provide uncompensated services to the Defendants they would now, or in the future depending on the length of the shutdown, seek employment that timely and lawfully paid them for their services.

54.     Under 5 C.F.R. Part 2635, employees of the Defendants may not obtain outside employment without explicit authorization.

55.     Employees who violate the Defendants' limitations on obtaining outside employment may be subject to discipline up to and including removal from federal service.

56.     All Plaintiffs are currently subject to the Defendants' prohibition against obtaining outside employment without authorization.

57.     The constitutional justifications for permitting such restrictions on Plaintiffs' ability to obtain outside employment are inoperative because Defendants are not currently

paying for Plaintiffs' services.  With respect to John Doe 2, these justifications are further inapt as he is furloughed and providing no services to Defendants.

58.     Plaintiffs maintain constitutionally protected liberty and property interests in obtaining meaningful employment without arbitrary government interference.

59.     Defendants' continued interdiction of  Plaintiffs' ability to obtain outside employment, with no valid claim to Plaintiffs' services during the lapse in government appropriations, amounts to arbitrary government interference.

60.     Plaintiffs cannot be compelled to forego their property interest in continued federal employment as a condition of asserting other constitutional rights.

61.     Defendants' continued imposition of restrictions on Plaintiffs' ability to obtain outside employment, while having no valid claim to Plaintiffs' services, violates Plaintiffs' Fifth Amendment protections from arbitrary government interference.

### COUNT III
### Violation of Article I and Article II of the United States Constitution

62.     Plaintiffs incorporate paragraphs 1–61 herein.

63.     Article 1, Section 8 of the U.S. Constitution reserves to Congress exclusively the power to appropriate funds.  Only Congress, and not the Executive, may obligate the expenditure of public money.  By designating certain federal employees as "excepted" under the Anti-Deficiency Act and requiring them to perform federal services, the Executive is obligating the payment of funds to these employees without an appropriation therefor.

64.     Denominating excepted employees as "volunteers" under the Anti-Deficiency Act when Congress has elsewhere mandated that such employees be compensated is merely an artifice that does not negate the Executive's unlawful obligation of federal funds.  To the extent

that the Anti-Deficiency Act purports to authorize the Executive to accept "volunteer" services of federal employees in "emergencies," such an authorization would constitute an impermissible delegation of Congress's exclusive constitutional power of appropriation to the Executive.

65.     By designating certain employees as "excepted," requiring them to work in the absence of an appropriation covering those expenditures where Congress has otherwise mandated that they be compensated for those services, the Executive has unlawfully usurped Congress's exclusive power of appropriation.

## COUNT IV
## Violation of the Fair Labor Standards Act

66.     Plaintiffs incorporate paragraphs 1–65 herein.

67.     Plaintiffs Jane Doe 1, Jane Doe 2, Jane Doe 3, and John Doe 1 are each subject to ongoing orders by the Defendants that they must report to work without pay.

68.     Defendants' requirement that Plaintiffs work without pay will continue until new government appropriations are authorized.

69.     Defendants will not compensate Plaintiffs for work currently performed without pay until new government appropriations are authorized.

70.     New government appropriations may only be authorized through the United States Congress passing, and the President signing, legislation authorizing such.

71.     Defendants have no authority to guarantee that the lapse in government appropriations will end, or that Plaintiffs will receive compensation for work performed without pay during that lapse, because they have no authority to unilaterally end the lapse in government appropriations.

72.     Requiring employees to work without pay violates the FLSA.

73.     Defendants continue to violate the FLSA by requiring Excepted Employees, including Plaintiffs Jane Doe 1, Jane Doe 2, Jane Doe 3, and John Doe 1, to report to work without pay with no guarantee of when or how they will be compensated for this work without pay.

## COUNT V
### Violation of the Anti-Deficiency Act - 31 U.S.C. § 1341

74.     Plaintiffs incorporate paragraphs 1–73 herein.

75.     31 U.S.C. § 1341 prohibits, *inter alia*, any officer or employee of the federal government from "mak[ing] or authoriz[ing] an expenditure or obligation exceeding an amount available in an appropriation or fund for the expenditure or obligation . . ."

76.     In requiring Plaintiffs Jane Doe 1, Jane Doe 2, Jane Doe 3, and John Doe 1 to work without pay, Defendants made and will continue to make an obligation to compensate Plaintiffs for work performed during the lapse in government appropriations under the FLSA.

77.     Due to the lapse in government appropriations, there is no current amount available in an appropriation or fund for the obligation incurred to compensate Plaintiffs.

78.     Because Defendants lack authority to unilaterally enact additional appropriations, there is no guarantee that Defendants will obtain the necessary appropriation or fund to meet its obligations to pay Plaintiffs.  Absent judicial execution, even Plaintiffs' rights for recovery for violation of the Fair Labor Standards Act are ultimately dependant on appropriations.

79.     Defendants' ongoing actions of making and authorizing the creation of obligations to pay Plaintiffs in excess of current appropriations and funds violates the Anti-Deficiency Act's prohibition against such conduct.

## COUNT VI
## Violation of the Anti-Deficiency Act - 31 U.S.C. § 1342 (volunteer services)

80.     Plaintiffs incorporate paragraphs 1–80 herein.

81.     31 U.S.C. § 1342 provides that any "officer or employee of the United States
Government . . . may not accept voluntary services for [the U.S.] government or employ personal
services exceeding that authorized by law except for emergencies involving the safety of human
life or the protection of property."

82.     Within the meaning of the Anti-Deficiency Act, "voluntary services" means
services performed willingly and without compensation.

83.     In requiring Plaintiffs to work without pay, Defendants are not accepting
"voluntary services" within the meaning of the Anti-Deficiency Act because (1) the Defendants
are obtaining Plaintiffs' services through legal coercion; and (2) the Defendants are obligated to
eventually compensate Plaintiffs under the FLSA.

84.     During all times relevant to this complaint, Plaintiffs (with the exception of John
Doe 2) have performed ongoing, regular functions of government as part of their normal, routine
duties as federal employees.

85.     Defendants' receipt of such services is not permitted under the Anti-Deficiency
Act, and therefore violates the Act.

- 13 -

## COUNT VII
## Violation of the Anti-Deficiency Act - 31 U.S.C. § 1342 (emergency exception)

86.     Plaintiffs incorporate paragraphs 1–86 herein.

87.     In the alternative, if Defendants are accepting "volunteer services" from Plaintiffs within the meaning of the Anti-Deficiency Act during the current lapse in government appropriations, then 31 U.S.C. § 1342 further restricts the "emergencies" exception to "not include ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property."

88.     During all times relevant to this complaint, Plaintiff Jane Doe 1 is an Air Traffic Control Specialist who is currently assigned to training on compliance in air traffic facilities and services.

89.     During all times relevant to this complaint, Plaintiff Jane Doe 1 has not been tasked with duties related to the protection of human life or property.

90.     The Defendants' decision to designate Plaintiff Jane Doe 1 as an "excepted" employee resulted from the Defendants' practice of not inquiring into the duties of specific employees prior to invoking the emergency volunteer services exception under § 1342.

91.     The Defendants' failure to conduct inquiries into the duties of specific employees prior to invoking the emergency volunteer services exception under § 1342, and placing Plaintiff Jane Doe 1 in a duty status as a result, violates the Anti-Deficiency Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court award them:

92.     A declaratory judgment finding that Defendants' actions violate Articles I and II and the Fifth and Thirteenth Amendments of the United States Constitution; the Fair Labor Standards Act; and the Anti-Deficiency Act;

93.     A permanent injunction prohibiting the Defendants from (1) requiring employees to report for duty without pay during the current lapse in government appropriations; (2) taking any adverse action other than a furlough against employees who decline to report for duty without pay during the current lapse in government appropriations; and (3) restricting employees' ability to obtain outside employment (or other form of compensation) during the current lapse in government appropriations;

94.     Any nominal damages;

95.     Reasonable attorneys' fees, costs, and expenses pursuant to 28 U.S.C. § 2412, and any other applicable law; and

96.     Any such other and further relief as this Court should find just and proper.

Respectfully submitted,

Date:   January 9, 2019                 /s/ Daniel Clark.
                                        Michael Kator, D.C. Bar No. 366936
                                        Cathy A. Harris, D.C. Bar No. 467206
                                        Daniel Clark, D.C. Bar No. 156052
                                        KATOR, PARKS, WEISER & HARRIS, PLLC
                                        1200 18th Street, N.W.
                                        Suite 1000
                                        Washington, DC 20036
                                        Phone: (202) 898-4800
                                        Fax: (202) 289-1389
                                        mkator@katorparks.com
                                        charris@katorparks.com
                                        dclark@katorparks.com

                                        *Attorneys for Plaintiffs*