**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JANE DOE 1, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 19-51 |
| DONALD J. TRUMP, *et al.*, | |
| Defendants. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO FILE UNDER PSEUDONYM**

Plaintiffs Jane Doe 1, Jane Doe 2, Jane Doe 3, John Doe 1, and John Doe 2, by their undersigned counsel, file this Motion to File Under Pseudonym.  In support thereof, Plaintiffs submit this Memorandum of Points and Authorities.  Plaintiffs are federal employees seeking to enforce their constitutional and statutory rights against being required to work without pay.  The high risk of reprisal for Plaintiffs should they be required to disclose their identities far outweighs the public interest in disclosing the identities of the litigants or any potential prejudice to Defendants.  For the following reasons, Plaintiffs should be allowed to proceed pseudonymously.

I.      ARGUMENT

Generally, a complaint in federal court must state the names of the parties.  Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of

the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)). Plaintiffs seek a waiver of these requirements that their names and personally identifying information be included in the Complaint or any other paper filed in this case.

It is well established that, with leave of the court, parties to litigation may proceed using pseudonyms. *Doe v. U.S. Dep't of State*, No. 1:15-cv-01971, 2015 WL 9647660, at *1 (D.D.C. Nov. 3, 2015). Although the public has a general interest in knowing the names of litigants and the disclosure of parties' identities furthers openness of judicial proceedings, in certain circumstances, "[l]eave is generally granted if the litigant makes a colorable argument in support of the request." *Id.* (quoting *Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005)). Such leave to deviate from the rules is appropriate when a court determines that "the impact of the plaintiff's anonymity" outweighs "the public interest in open proceedings and on fairness to the defendant." *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008). This Court has applied a standard when confronted with a motion to proceed under a pseudonym such as this that considers the following criteria:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Doe v. Teti*, No. 15-1380, 2015 U.S. Dist. LEXIS 142522, 2015 WL 6689862, at *2 (D.D.C. Oct. 19, 2015) (citing *Chao*, 587 F. Supp. 2d at 99) (footnotes omitted) (followed in *Doe v. Sessions*,

2018 U.S. Dist. LEXIS 165829, *5-6, 2018 WL 4637014 (Sept. 27, 2018)).  A court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield" to a request for anonymity.  *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992).

When reviewing a motion such as that at bar, the Court should determine whether Plaintiff's stated reasons for proceeding under pseudonym overcome the public's and Defendants' interests in full transparency.  For the following reasons, the Court should permit the Plaintiffs to proceed pseudonymously.

### A.      Identification of Plaintiffs Would Expose Them to Reprisal, Imperiling Their Property Interest In Continued Employment.

The current partial shut down of part of the federal government is a matter of national concern.  Federal agencies including Defendants are requiring public servants perform their duties without assurance of when and if they will receive back pay.  Plaintiffs are doing so under threat of removal for non-compliance.

Plaintiffs' participation as named litigants in this case would gain them extraordinary notoriety and expose them to reprisal in the workplace.[1]  The capacity for reprisal in the federal workplace far exceeds the regular annoyance and criticism that may attend other litigation.  According to the Equal Employment Opportunity Commission, "[r]etaliation is now the most frequently alleged basis of discrimination in all sectors, including the federal government

---

[1] Undersigned was in contact with several potential claimants for this action who declined to join as plaintiffs out of fear of reprisal in the workplace even in light of the prospect of the Court granting this Motion to proceed pseudonymously.

workforce." *EEOC Enforcement Guidance on Retaliation and Related Issues*, U.S. Equal

Employment Opportunity Commission, No. 915.004 (Aug. 25, 2016).  The forms of such

reprisal, including adverse actions up to and including removal, would very likely implicate the

Plaintiffs' constitutionally protected property interests in their continued employment.  *See*

*Lachance v. Erickson*, 522 U.S. 262, 266 (1998) (assuming "for purposes of our decision" that

"'the [federal] government employees here had a protected property interest in their

employment.'" (quoting *King v. Erickson*, 89 F.3d 1575, 1581 (Fed. Cir. 1996)).

By their Complaint, Plaintiffs are alleging that their supervisors—from first line

supervisors up through chains of command to the agency heads named here as Defendants—are

violating  the Anti-Deficiency Act, 31 U.S.C. §§ 1341, 1342.  By their involvement of the

government in an "obligation for the payment of money before an appropriation is made unless

authorized by law," *id.* at § 1341, and "accept[ing] voluntary services for either government or

employ personal services exceeding that authorized by law except for emergencies involving the

safety of human life or the protection of property," *id.* at § 1342, Plaintiffs' supervisors are

violating the law.  The likelihood of unfair reprisal is very real should Plaintiffs proceed under

their names.

One of the three commonly accepted circumstances calling for pseudonymous litigation

is where "the injury litigated against would be incurred as a result of the disclosure of the

plaintiff's identity."  *Nat'l Ass'n of Waterfront Emplrs. v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C.

2008) (citing *Doe v. Frank*, 951 F.2d 320, 322-23 (11th Cir. 1992)).  This litigation implicates

Plaintiffs' continued federal employment in paid positions.  In the Complaint filed

simultaneously with this Motion, Plaintiffs allege that their federal agency employers are

compelling them to work without pay in violation of the Thirteenth Amendment of the United

States Constitution; the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and the Anti-

Deficiency Act, 31 U.S.C. §§ 1341, 1342.

Plaintiffs seek preliminary and permanent injunctive relief preventing Defendants from

requiring Plaintiffs to work without pay due to a lapse in government appropriations.  Retaliation

based on Plaintiffs' bringing this Complaint would jeopardize their continued paid employment

as federal workers—the very injury against which they are litigating.  Plaintiffs should not be

required to choose between seeking vindication of their constitutional and statutory rights as

employees and almost assured reprisal for doing so.


**B.      Revealing Identities Of Plaintiffs Jane Doe No. 2 and John Doe No. 1 Risks Retaliatory Physical Harm.**

Plaintiffs Jane Doe No. 2 and John Doe No. 1 are employed by the U.S. Department of

Justice.  Plaintiffs Jane Doe No. 2 and John Doe No. 1 have regular in-person interactions with

felons convicted of violent crimes.

If Jane Doe No. 2 and John Doe No. 1 are revealed by name as parties to this litigation,

they will likely attract undue attention in their dangerous workplaces.  Such attention from felons

or others displeased over Plaintiffs' objections to being required to work without pay very likely

might include physical danger.  This is exactly the kind of risk of retaliatory physical harm that

calls for allowing parties to file pseudonymously.  *See Doe v. Teti*, No. 15-1380, 2015 U.S. Dist.

LEXIS 142522, 2015 WL 6689862, at *2 (D.D.C. Oct. 19, 2015) (citing *Nat'l Ass'n of

Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008)).   Plaintiffs Jane Doe No. 2

and John Doe No. 1 should not be required to risk that physical harm to seek enforcement of

their constitutional and statutory rights.

### C.     Plaintiffs Proceeding Pseudonymously Poses No Prejudice to Defendants.

Compared to the high degree of risk associated with being named as plaintiffs in this

action, the Defendants here are not prejudiced by continuing in this litigation against unnamed

parties.  As this Court has recognized:

> This factor might better be described as favoring a plaintiff's public
> anonymity where sensitive information makes the plaintiff's privacy
> paramount and little unfair risk to a defendant's reputation exists, or
> disfavoring a plaintiff's public anonymity where a defendant must
> defend against harsh attacks in a matter not implicating a plaintiff's
> highly personal information.  Precedents suggest that while
> governments may be less damaged by reputational attacks than are
> private defendants, unfair attacks may still warrant a more public
> defense that anonymity might preclude.

*Doe v. United States Dep't of State*, 2015 U.S. Dist. LEXIS 173937, *7-8 (D.D.C. 2015).  A

lawsuit usually implicates the reputation of a government less than it would for a private entity.

*Doe v. Cabrera*, 307 F.R.D. 1, 2014 WL 4656610, at *6 (D.D.C. 2014) ("In assessing whether

pseudonymous litigation is appropriate, courts must also consider whether an accused defendant

is a governmental entity or a private party. . . . This factor weighs against allowing the plaintiff

to use a pseudonym because the defendant is a private litigant, who undoubtedly has concerns

about his reputation.").  The matter of prejudice for risk of harm to reputation for a government

entity is less than if an individual has been accused publicly of wrongdoing.  *See Chao*, 587 F.

Supp. 2d at 99 n.9.

This action does not call into question the reputation of the federal government Defendants.  The impetus of the government shut down is a matter of voluminous public debate, the likes of which are not commented upon by the Complaint here.  Instead, Plaintiffs merely seek to use the appropriate and respectful means of redress offered by this Court to vindicate specific constitutional and statutory rights.

Further, Plaintiffs' individual identities have little, if any, bearing on Defendants' ability to address the legal issues raised in the Complaint.  *See Doe v. Barrow Cty., Ga.*, 219 F.R.D. 189, 194 (N.D. Ga. 2003) (granting a motion to proceed under a pseudonym where the "plaintiff plays a relatively minor role").  The Complaint implicates a question of law with little to no questions of fact that might require individual identification of the Plaintiffs to resolve. Defendants can readily address the legal issues raised in the Complaint without knowing the Plaintiffs' individual identities.  Accordingly, allowing Plaintiffs to file this lawsuit using pseudonyms would not unfairly prejudice Defendants.

## II.      CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request the Court enter an order permitting them to proceed in this case pseudonymously.  If required to litigate this case using their names, Plaintiffs would likely encounter retribution up to and including eventual removal, implicating the very right to continued paid federal employment they seek to vindicate.  Pursing this case under pseudonyms would allow Plaintiffs to seek redress without detracting from Defendants' ability to litigate this case or from the public's ability to appreciate the issue at stake.

- 7 -

Respectfully submitted,


 /s/ Daniel Clark.
Michael Kator, D.C. Bar No. 366936
Cathy A. Harris, D.C. Bar No. 467206
Daniel Clark, D.C. Bar No. 156052
KATOR, PARKS, WEISER & HARRIS, PLLC
1200 18th Street, N.W.
Suite 1000
Washington, D.C.  20036
Phone: (202) 898-4800
Fax: (202) 289-1389
mkator@katorparks.com
charris@katorparks.com
dclark@katorparks.com

*Attorneys for Plaintiffs*