## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE 1, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants. | Civil Action No.  19-51<br><br>Chief Judge Beryl A. Howell |

### MEMORANDUM AND ORDER

The five plaintiffs, all of whom are federal employees from the Departments of

Transportation, Justice, Agriculture, and Homeland Security, respectively, seek to proceed

under pseudonyms in the instant action alleging violations of Articles I and II of the Fifth and

Thirteenth Amendments of the U.S. Constitution, the Fair Labor Standards Act, and the Anti-

Deficiency Act. *See* Pls.' Mot. File Under Pseudonyms ("Pls.' Mot.") at 1; Compl. at 2, 4–5.

For the reasons set forth below, the plaintiffs' motion is denied.[1]

## I.    BACKGROUND

The plaintiffs are federal employees seeking to enforce their constitutional and

statutory rights against being required to work without pay or against being furloughed

without authorization to obtain outside employment during the ongoing partial government

shutdown.  Compl. ¶¶ 1, 2; Pls.' Mem. in Supp. of Mot. ("Pls.' Mem.") at 1.   The plaintiffs

seek to file suit under pseudonyms because of the "high risk of reprisal . . . should they be

required to disclose their identities."  Pls.' Mem. at 1.  Specifically, the plaintiffs allege that

"their participation as named litigants in this case would gain them extraordinary notoriety

---

[1]      Under Local Civil Rule 40.7(g), the Chief Judge "shall . . . hear and determine . . . motions to file a
pseudonymous complaint."  LCvR 40.7(g).

1

and expose them to reprisal in the workplace," *id.* at 3, and that the "capacity for reprisal in the federal workplace far exceeds the regular annoyance and criticism that may attend other litigation," *id.*

## II.   LEGAL STANDARD

Generally, a complaint must state the names of the parties. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days [of] filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)). The public's interest "in knowing the names of [ ] litigants" is critical because "disclosing the parties' identities furthers openness of judicial proceedings." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.") (footnotes omitted). Nevertheless, courts have, in special circumstances, permitted a party "to proceed anonymously" when a court determines "the impact of the plaintiff's anonymity" outweighs "the public interest in open proceedings" and considers the "fairness to the defendant." *Nat'l Ass'n of Waterfront Emp'rs v. Chao* ("*Chao*"), 587 F. Supp. 2d 90, 99 (D.D.C. 2008) (RMC).

In the past, when balancing these two general factors, two different but analogous tests have been applied in this circuit. The first test consists of the six factors set forth in *United States v. Hubbard*, 650 F.2d 293, 317–21 (D.C. Cir. 1980):

(1) the need for public access to the documents at issue; (2) the extent to which the public had access to the document prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property

and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purpose for which the documents were introduced.

*Doe v. CFPB* ("*Doe I*"), Civil No. 15-1177 (RDM), 2015 WL 6317031, at *2 (D.D.C. Oct. 16, 2015).  In other cases, a "five-part test to balance the concerns of plaintiffs seeking anonymity with those of defendants and the public interest" has been applied.  *Eley v. District of Columbia*, No. 16-806 (GMH), 2016 WL 6267951, at *1 (D.D.C. Oct. 25, 2016).  These factors, drawn from *Chao*, include the following:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Doe v. Teti*, Misc. No. 15-01380 (RWR), 2015 WL 6689862, at *2 (D.D.C. Oct. 19, 2015); *see also Roe v. Bernabei & Wachtel PLLC*, 85 F. Supp. 3d 89, 96 (D.D.C. 2015) (TSC); *Doe v. U.S. Dep't of State*, Civil No. 15-01971 (RWR), 2015 WL 9647660, at *2 (D.D.C. Nov. 3, 2015); *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) (RBW).

The *Chao* and *Hubbard* factors weigh the same two general concerns.  *Doe Co. No. 1 v. CFPB* ("*Doe II*"), 195 F. Supp. 3d 9, 15–16 (D.D.C. 2016) (RDM).  Specifically, these concerns are: (1) the "[s]trength of the [g]eneralized [p]roperty and [p]rivacy [i]nterests" involved and "the possibility of prejudice" to those opposing disclosure, *Hubbard*, 650 F.2d at 320–21; and (2) whether the "justification" for nondisclosure "is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature," *Teti*, 2015 WL 6689862, at *2.  Thus, in *Doe II*, the Court determined that

> the question before the Court is not best answered with a rigid, multi-part test but with an assessment of whether the non-speculative privacy interests that the

3

movants have identified outweigh the public's substantial interest in knowing the
identities of [the] parties in litigation, along with any legitimate interest that the
non-moving parties[] . . . may have in revealing the identity of the movants.

*Doe II*, 195 F. Supp. 3d at 17.

This balancing inquiry accords with the D.C. Circuit's test for whether a district court

should exercise its discretion to permit an exception from Federal Rule of Civil Procedure

10(a).  The Circuit has acknowledged the district court's discretion "to grant the 'rare

dispensation' of anonymity" to litigating parties under certain limited circumstances, provided

the court has "inquire[d] into the circumstances of particular cases to determine whether the

dispensation is warranted."  *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir.

1995) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).  In exercising this

discretion, the D.C. Circuit has required the court to "take into account the risk of unfairness

to the opposing party, as well the customary and constitutionally-embedded presumption of

openness in judicial proceedings."  *Id.* (internal citations and quotation marks omitted).

Thus, whichever test applies, the same general balancing inquiry is at issue: "whether

the non-speculative privacy interests that the movants have identified outweigh the public's

substantial interest in knowing the identities of [the] parties in litigation, along with any

legitimate interest that the non-moving parties[] . . . may have in revealing the identity of the

movants."  *Doe II*, 195 F. Supp. 3d at 17; *see also Chao*, 587 F. Supp. 2d at 99 (assessing

whether "the impact of the plaintiff's anonymity" outweighs "the public interest in open

proceedings and [considering the] fairness to the defendant").

## III.   DISCUSSION

At this stage of the litigation, this Court is not persuaded that the plaintiffs have met

their burden of showing that their privacy interests outweigh the public's presumptive and

substantial interest in knowing the details of judicial litigation.  As to the first *Chao* factor, the

plaintiffs have not demonstrated that anonymity is necessary to "preserve privacy in a matter

of a sensitive and highly personal nature." *Teti*, 2015 WL 6689862, at *2.  Although the

plaintiffs allege that the "capacity for reprisal in the federal workplace far exceeds the regular

annoyance and criticism that may attend other litigation," Pls.' Mem. at 3, and cite fears of

"reprisal, including adverse actions up to and including removal," *id.* at 4, the plaintiffs'

speculative fears of reprisal appear, at this stage, more akin to a mere desire "to avoid the

annoyance and criticism that may attend any litigation." *Teti*, 2015 WL 6689862, at *2.

The plaintiffs further claim that "[r]etaliation based on Plaintiffs' bringing [of] this

Complaint would jeopardize their continued paid employment as federal workers—the very

injury against which they are litigating. . . . [and that] Plaintiffs should not be required to

choose between seeking vindication of their constitutional and statutory rights as employees

and almost assured reprisal for doing so."  Pls.' Mem. at 4–5 (citing *Chao*, 587 F. Supp. 2d at

99–100 ("Pseudonymous litigation has been permitted . . . where the injury litigated against

would be incurred as a result of the disclosure of the plaintiff's identity.")) (internal quotation

marks omitted).  Yet the plaintiffs have offered no evidence, other than speculation or

discussion of retaliation in the workplace in general, *see* Pls.' Mem. at 3, that they may be

subject to reprisal including job loss as a result of bringing this litigation.  Such speculation

does not meet the plaintiffs' burden to demonstrate their need to proceed anonymously.  *See*

*Doe II*, 195 F. Supp. 3d at 22.

In considering whether anonymity is necessary to preserve privacy in a matter of a

sensitive and highly personal nature, the Court finds it significant that cases challenging the

rights of federal employees during government shutdowns have been, and currently are being,

litigated under the plaintiffs' real names. *See, e.g.*, *Tarovisky v. United States*, No. 19-cv-

00004-PEC (Fed. Cl. 2019) (putative class action filed individually and on behalf of all

similarly situated government employees who are classified as "excepted employees" and are

therefore working during the current shutdown); *Vieira v. United States*, No. 19-cv-00040-

PEC (Fed. Cl. 2019) (putative class action filed by a Customs and Border Patrol agent related

to the current shutdown); *Martin v. United States*, 117 Fed. Cl. 611, 313 (2014) (holding that

delay in pay due to government shutdown in 2013 violated the Fair Labor Standards Act).

Although the willingness of other plaintiffs to file suit using their real names is not

dispositive, it is relevant to the Court's consideration of this motion.  Upon consideration of

the allegations in the plaintiffs' memorandum against this background, the Court is not

persuaded that pseudonyms are necessary to preserve the plaintiffs' privacy regarding their

lawsuit.

Turning to the second *Chao* factor, two plaintiffs allege that they have "regular in-

person interactions with felons convicted of violent crimes," Pls.' Mem. at 5, and that if their

names are revealed "they will likely attract undue attention in their dangerous workplaces.

Such attention from felons or others displeased over Plaintiffs' objections to being required to

work without pay very likely might include physical danger," *id.*  Again, while the Court is

sympathetic to the risks attendant to certain jobs, the plaintiffs have failed to offer anything

aside from mere speculation that their participation in this suit will result in any more danger

beyond that inherent in their employment.  It bears repeating that, as the second *Chao* factor

suggests, the "rare dispensation" of allowing parties to proceed pseudonymously generally

demands a "critical" case. *James*, 6 F.3d at 238.  The plaintiffs have not demonstrated that

their situation is such a "critical" case.  The Court remains unconvinced that the plaintiffs

have shown a non-speculative risk of the type of physical or mental harm that typically justifies the need to file under a pseudonym.

The third *Chao* factor, concerning the ages of the persons whose privacy interests are sought to be protected, appears to be of limited relevance to this motion because the plaintiffs are not proceeding on behalf of minor children. *See Yaman v. U.S. Dep't of State*, 786 F. Supp. 2d 148, 153 (D.D.C. 2011) (JDB).

The fourth and fifth *Chao* factors ask whether the action is against a governmental or private party and for an analysis of the risk of unfairness to the opposing party in allowing an action to proceed against it anonymously. The plaintiffs argue that their "identities have little, if any, bearing on Defendants' ability to address the legal issues raised in the Complaint" because the Complaint "implicates a question of law with little to no questions of fact that might require individual identification of the Plaintiffs to resolve." Pls.' Mem. at 7. Notably, however, the plaintiffs undercut this argument by alleging that the defendants designated certain employees as "excepted" without inquiring into their specific duties. Compl. ¶¶ 89–91. Consequently, as to at least one of the plaintiffs' claims, "questions of fact that might require individual identification of the Plaintiffs, Pls.' Mem. at 7, may be necessary to resolve, and therefore the defendants may suffer unfairness if the plaintiffs were permitted to file under pseudonyms. *See Teti*, 2015 WL 6689862, at *4.

In sum, the plaintiffs' fears of reprisal, retaliation, and potential physical harm are too speculative to outweigh the public's substantial and presumptive interest in disclosure. Although this Court has analyzed the motion under the *Chao* factors, the result would be no different under the *Hubbard* analysis. As previously noted, the same general balancing inquiry is at issue in both tests: "whether the non-speculative privacy interests that the

movants have identified outweigh the public's substantial interest in knowing the identities of [the] parties in litigation, along with any legitimate interest that the non-moving parties[] . . . may have in revealing the identity of the movants." *Doe II,* 195 F. Supp. 3d at 17.  The plaintiffs have failed to meet the "heavy burden" of establishing that their privacy interests outweigh the public's interest in knowing their identities.  *See id.*

IV.    **CONCLUSION AND ORDER**

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' Motion to File Under Pseudonyms is **DENIED**.

**SO ORDERED.**

Date: January 10, 2019

BERYL A. HOWELL
Chief Judge