# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JANETTE HARDY
8512 Grand View Drive
North Richland Hills, TX 76182

BRANDI THORNTON
7 Eastern Trails Drive
Morgantown, WV 26508

KRISTEN ROHDE
1355 Broad Oak Drive
Bandera, TX 78003

JUSTIN THORNTON
7 Eastern Trails Drive
Morgantown, WV 26508

       Plaintiffs,

       v.                                    Civil Action No. 19-51

DONALD J. TRUMP,
President of the United States
1600 Pennsylvania Avenue, NW
Washington, DC 20500

ELAINE L. CHAO,
Secretary of Transportation
U.S. Department of Transportation
1200 New Jersey Avenue, SE
Washington, DC 20590

MATTHEW G. WHITAKER,
Acting Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

SONNY PERDUE,
Secretary of Agriculture
U.S. Department of Agriculture
1400 Independence Avenue, SW
Washington, DC 20250

and

THE UNITED STATES OF AMERICA

Defendants.

## FIRST AMENDED COMPLAINT
### (The United States Constitution; Declaratory Judgment Act; Fair Labor Standards Act; and Anti-Deficiency Act)

Plaintiffs Janette Hardy, Brandi Thornton, Kristen Rohde, and Justin Thornton, by and through undersigned counsel, bring this Complaint against President Donald J. Trump, in his official capacity; Secretary of the Department of Transportation Elaine L. Chao, in her official capacity; Acting Attorney General Matthew G. Whitaker, in his official capacity; Secretary of Agriculture Sonny Perdue, in his official capacity; the United States of America; their employees, agents, constituent agencies and components, and successors in office ("Defendants").  Plaintiff Janette Hardy joins this complaint as to all Counts.  Plaintiff Brandi Thornton, Plaintiff Kristen Rohde, and Justin Thornton join this complaint only as to Counts 1-6.

Regarding their respective Counts, Plaintiffs allege as follows:

### PRELIMINARY STATEMENT

1.      Plaintiffs bring this action as federal employees who are compelled to work without pay in violation of Articles I and II and the Fifth and Thirteenth Amendments of the United States Constitution; the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., ("FLSA"); the Anti-Deficiency Act, 31 U.S.C. §§ 1341, 1342 ("Anti-Deficiency Act"); and who otherwise would be furloughed without authorization to obtain outside employment in violation of the Fifth Amendment of the United States Constitution.

2.      On December 22, 2018, Defendants initiated a partial government shutdown due to a lapse in appropriations.  In doing so, Defendants identified Plaintiffs as either "excepted" or "non-excepted" employees.  "Excepted" employees are "employees who are funded through annual appropriations who are nonetheless excepted from the furlough . . ." under guidance issued by the U.S. Office of Personnel Management ("OPM").

3.      "Non-excepted" employees are those who are subject to furlough and ordered to not report to work.

4.      Plaintiffs were designated as "excepted" employees and subsequently ordered and required by the Defendants to work without pay until such time as the lapse in appropriations is to end.

5.      Had Defendants designated Plaintiffs as "non-excepted" employees, Defendants would have ordered them to not report to work and remain in a furlough status.

6.      The President of the United States stated on January 4, 2019, that this lapse in appropriations could last, and Plaintiffs would remain in their respective statuses, for "months or even years."

7.      Plaintiffs seek permanent injunctive relief preventing Defendants from (1) requiring employees to report for duty without pay during the current lapse in government appropriations; (2) taking any adverse action other than a furlough against employees who decline to report for duty without pay during the current lapse in government appropriations; and (3) restricting employees' ability to obtain outside employment (or other form of compensation) during the current lapse in government appropriations.

8.      Plaintiffs seek a declaratory judgment that the Defendants' requirement that "excepted" employees report to work without pay and continued imposition of restrictions on outside employment during the current lapse in government appropriations violates Articles I and II and the Fifth and Thirteenth Amendments of the United States Constitution; the Fair Labor Standards Act; and the Anti-Deficiency Act.

9.      Plaintiffs seek nominal damages and all costs, fees, and expenses incurred as a result of this action.

## JURISDICTION AND VENUE

10.      This action is brought against the government of the United States of America, and its agents, as Defendants under the Constitution and laws of the United States.  This Court therefore has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1346.

11.      Plaintiffs' claims for declaratory as well as permanent injunctive relief are authorized by and subject to the jurisdiction of this Court under 28 U.S.C. §§ 2201, 2202.

12.      Venue is properly in this Court under 28 U.S.C. § 1391(e) because Defendants' principal places of business are in the District of Columbia and a substantial part of the acts giving rise to Plaintiffs' claims occurred in the District.

13.      This Court has authority to award Plaintiffs their reasonable costs and attorneys' fees pursuant to 28 U.S.C. § 2412.

## PARTIES

14.      Plaintiff Janette Hardy is an employee of the U.S. Department of Transportation.

15.      Plaintiff Brandi Thornton is an employee of the U.S. Department of Justice.

16.      Plaintiff Kristen Rohde is an employee of the U.S. Department of Agriculture.

17.     Plaintiff Justin Thornton is an employee of the U.S. Department of Justice.

18.     Defendants are the United States of America, appointed officials of the United States government, and United States governmental agencies responsible for the administration, enforcement, and implementation of policies related to the laws and constitutional provisions that are the subject of this suit.

19.     Defendant U.S. Department of Transportation is an executive agency of the United States government.

20.     Defendant U.S. Department of Justice is an executive agency of the United States government.

21.     Defendant U.S. Department of Agriculture is an executive agency of the United States government.

22.     Defendant Donald J. Trump is sued in his official capacity only as President of the United States.  In that capacity, Defendant Trump is responsible for the relevant actions by the executive agencies of the United States government that are the subject of this suit.

23.     Defendant Elaine L. Chao is sued in her official capacity only as Secretary of the U.S. Department of Transportation.  In that capacity, Defendant Chao is responsible for the relevant actions by the U.S. Department of Transportation that are the subject of this suit.

24.     Defendant Matthew G. Whitaker is sued in his official capacity only as Acting Attorney General of the U.S. Department of Justice.  In that capacity, Defendant Whitaker is responsible for the relevant actions by the U.S. Department of Justice that are the subject of this suit.

25.     Defendant Sonny Perdue is sued in his official capacity only as Secretary of the U.S. Department of Agriculture.  In that capacity, Defendant Perdue is responsible for the relevant actions by the U.S. Department of Agriculture that are the subject of this suit.

## STATEMENT OF FACTS

26.     Beginning at 12:01 AM on December 22, 2018, Defendant United States of America initiated a partial government shutdown due to a lapse in appropriations.

27.     The U.S. Department of Transportation; U.S. Department of Justice; and the U.S. Department of Agriculture, including their constituent agencies, are among the executive agencies affected by the partial government shutdown.  On December 21-22, 2018, Defendants effected their government shutdown procedures due to the lapse in government appropriations.

28.     As part of standard government shutdown procedures, Defendants designated all employees in affected agencies as either Excepted Employees or Non-Excepted Employees.

29.     Excepted Employees are required to report to work and perform their assigned duties without compensation while the lapse in government appropriations continues.  These excepted employees are ordered to do so and therefore not volunteering their services without pay.

30.     Non-Excepted Employees are placed in a furlough status, ordered to not report to work or perform their assigned duties, and are not compensated while the lapse in government appropriations continues.

31.     According to OPM guidance, Excepted Employees who refuse to report for duty as ordered must be placed in an AWOL status.

32.     Employees placed in an AWOL status may be subject to discipline by the Defendants up to and including removal from federal service.

33.     On or about December 21, 2018, Defendants identified Plaintiffs Janette Hardy, Brandi Thornton, Kristen Rohde, and Justin Thornton as Excepted Employees.

34.     Plaintiffs are each career, competitive service employees who may only be removed from federal service for good cause.

35.     Plaintiffs maintain property interests in retaining their employment with the Defendants, consistent with the Fifth Amendment to the Constitution.

36.     Defendants cannot guarantee that Plaintiffs will receive compensation for work performed during the lapse in government appropriations or when such lapse in appropriations will end.  The President of the United States stated on January 4, 2019, that this lapse in appropriations could last for "months or even years."

37.     Consistent with the Defendants' orders, Plaintiffs have reported for work and performed their assigned duties without compensation since the lapse in government appropriations began.

38.     Consistent with the Defendants' orders, all Plaintiffs have abstained from obtaining outside employment.

## COUNT I
## Violation of the Thirteenth Amendment

39.     Plaintiffs incorporate paragraphs 1–38 herein.

40.     Plaintiffs are required to work without pay as a condition of their employment under threat of being placed in an absent without leave (AWOL) status and threat of adverse action for such AWOL.

41.     If Plaintiffs refuse Defendants' orders to work without pay, they would be subject to discipline up to and including removal from federal service.

42.     If Plaintiffs refuse Defendants' orders to work without pay, they could be stripped of their property interest in continuing federal employment.

43.     Plaintiffs continue to work without pay only due to the possibility they would be stripped of their property interests if they refused Defendants' unlawful orders.

44.     Plaintiffs are therefore required to perform involuntary, unpaid service as a prerequisite to maintaining their property interests.

45.     The Thirteenth Amendment prohibits the imposition of involuntary servitude on any individual in the United States, except as a punishment for crime.

46.     Defendants' requirement that Plaintiffs perform involuntary, unpaid service under threat of deprivation of Plaintiffs' property interests violates the Thirteenth Amendment's prohibition against involuntary servitude.

## COUNT II
### Violation of the Fifth Amendment

47.     Plaintiffs incorporate paragraphs 1–46 herein.

48.     Plaintiffs are required to work their otherwise normal duties and schedule during the current lapse in government appropriations.  Were they not obligated to provide uncompensated services to Defendants, they would now, or in the future depending on the length of the shutdown, seek employment that timely and lawfully paid them for their services.

- 8 -

49.     Under 5 C.F.R. Part 2635, employees of Defendants may not obtain outside employment without explicit authorization.

50.     Employees who violate Defendants' limitations on obtaining outside employment may be subject to discipline up to and including removal from federal service.

51.     Plaintiffs are currently subject to Defendants' prohibition against obtaining outside employment without authorization.

52.     The constitutional justifications for permitting such restrictions on Plaintiffs' ability to obtain outside employment are inoperative because Defendants are not currently paying for Plaintiffs' services.

53.     Plaintiffs maintain constitutionally protected liberty and property interests in obtaining meaningful employment without arbitrary government interference.

54.     Defendants' continued interdiction of Plaintiffs' ability to obtain outside employment, with no valid claim to Plaintiffs' services during the lapse in government appropriations, amounts to arbitrary government interference.

55.     Plaintiffs cannot be compelled to forego their property interest in continued federal employment as a condition of asserting other constitutional rights.

56.     Defendants' continued imposition of restrictions on Plaintiffs' ability to obtain outside employment, while having no valid claim to Plaintiffs' services, violates Plaintiffs' Fifth Amendment protections from arbitrary government interference.

## COUNT III
## Violation of Article I and Article II of the United States Constitution

57.     Plaintiffs incorporate paragraphs 1–56 herein.

58.     Article 1, Section 8 of the U.S. Constitution reserves to Congress exclusively the power to appropriate funds.  Only Congress, and not the Executive, may obligate the expenditure of public money.  By designating certain federal employees as "excepted" under the Anti-Deficiency Act and requiring them to perform federal services, the Executive is obligating the payment of funds to these employees without an appropriation therefor.

59.     Denominating excepted employees as "volunteers" under the Anti-Deficiency Act when Congress has elsewhere mandated that such employees be compensated is merely an artifice that does not negate the Executive's unlawful obligation of federal funds.  To the extent that the Anti-Deficiency Act purports to authorize the Executive to accept "volunteer" services of federal employees in "emergencies," such an authorization would constitute an impermissible delegation of Congress's exclusive constitutional power of appropriation to the Executive.

60.     By designating certain employees as "excepted," requiring them to work in the absence of an appropriation covering those expenditures where Congress has otherwise mandated that they be compensated for those services, the Executive has unlawfully usurped Congress's exclusive power of appropriation.

## COUNT IV
## Violation of the Fair Labor Standards Act

61.     Plaintiffs incorporate paragraphs 1–60 herein.

62.     Plaintiffs are each subject to ongoing orders by Defendants that they must report to work without pay.

63.     Defendants' requirement that Plaintiffs work without pay will continue until new government appropriations are authorized.

64.     Defendants will not compensate Plaintiffs for work currently performed without pay until new government appropriations are authorized.

65.     New government appropriations may only be authorized through the United States Congress passing, and the President signing, legislation authorizing such.

66.     Defendants have no authority to guarantee that the lapse in government appropriations will end, or that Plaintiffs will receive compensation for work performed without pay during that lapse, because they have no authority to unilaterally end the lapse in government appropriations.

67.     Requiring employees to work without pay violates the FLSA.

68.     Defendants continue to violate the FLSA by requiring Excepted Employees, including Plaintiffs, to report to work without pay with no guarantee of when or how they will be compensated for this work without pay.

## COUNT V
### Violation of the Anti-Deficiency Act - 31 U.S.C. § 1341

69.     Plaintiffs incorporate paragraphs 1–68 herein.

70.     31 U.S.C. § 1341 prohibits, *inter alia*, any officer or employee of the federal government from "mak[ing] or authoriz[ing] an expenditure or obligation exceeding an amount available in an appropriation or fund for the expenditure or obligation . . ."

71.     In requiring Plaintiffs to work without pay, Defendants made and will continue to make an obligation to compensate Plaintiffs for work performed during the lapse in government appropriations under the FLSA.

72.     Due to the lapse in government appropriations, there is no current amount available in an appropriation or fund for the obligation incurred to compensate Plaintiffs.

73.     Because Defendants lack authority to unilaterally enact additional appropriations, there is no guarantee that Defendants will obtain the necessary appropriation or fund to meet their obligations to pay Plaintiffs.  Absent judicial execution, even Plaintiffs' rights for recovery for violation of the Fair Labor Standards Act are ultimately dependant on appropriations.

74.     Defendants' ongoing actions of making and authorizing the creation of obligations to pay Plaintiffs in excess of current appropriations and funds violates the Anti-Deficiency Act's prohibition against such conduct.

## COUNT VI
### Violation of the Anti-Deficiency Act - 31 U.S.C. § 1342 (volunteer services)

75.     Plaintiffs incorporate paragraphs 1–74 herein.

76.     31 U.S.C. § 1342 provides that any "officer or employee of the United States Government . . . may not accept voluntary services for [the U.S.] government or employ personal services exceeding that authorized by law except for emergencies involving the safety of human life or the protection of property."

77.     Within the meaning of the Anti-Deficiency Act, "voluntary services" means services performed willingly and without compensation.

78.     In requiring Plaintiffs to work without pay, Defendants are not accepting

"voluntary services" within the meaning of the Anti-Deficiency Act because (1) the Defendants

are obtaining Plaintiffs' services through legal coercion; and (2) the Defendants are obligated to

eventually compensate Plaintiffs under the FLSA.

79.     During all times relevant to this complaint, Plaintiffs have performed ongoing,

regular functions of government as part of their normal, routine duties as federal employees.

80.     Defendants' receipt of such services is not permitted under the Anti-Deficiency

Act, and therefore violates the Act.

**COUNT VII**
**Violation of the Anti-Deficiency Act - 31 U.S.C. § 1342 (emergency exception)**

81.     Plaintiffs incorporate paragraphs 1–80 herein.

82.     In the alternative, if Defendants are accepting "volunteer services" from Plaintiffs

within the meaning of the Anti-Deficiency Act during the current lapse in government

appropriations, then 31 U.S.C. § 1342 further restricts the "emergencies" exception to "not

include ongoing, regular functions of government the suspension of which would not imminently

threaten the safety of human life or the protection of property."

83.     During all times relevant to this complaint, Plaintiff Janette Hardy is an Air

Traffic Control Specialist who is currently assigned duties to include:  providing air traffic

control process information support to facilities for accident and incident reporting, facilitating

discussions concerning the review of air traffic services, and coordinating with other technical

experts to discuss findings and assure the total system requirements are considered, as well as

differences in policy applications are solved.

84.     During all times relevant to this complaint, Plaintiff Janette Hardy has not been

tasked with duties related to the protection of human life or property.

85.     Defendants' decision to designate Plaintiff Janette Hardy as an "excepted" employee resulted from Defendants' practice of not inquiring into the duties of specific employees prior to invoking the emergency volunteer services exception under § 1342.

86.     Defendants' failure to conduct inquiries into the duties of specific employees prior to invoking the emergency volunteer services exception under § 1342, and placing Plaintiff Janette Hardy in a duty status as a result, violates the Anti-Deficiency Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court award them:

87.     A declaratory judgment finding that Defendants' actions violate Articles I and II and the Fifth and Thirteenth Amendments of the United States Constitution; the Fair Labor Standards Act; and the Anti-Deficiency Act;

88.     A permanent injunction prohibiting Defendants from (1) requiring employees to report for duty without pay during the current lapse in government appropriations; (2) taking any adverse action other than a furlough against employees who decline to report for duty without pay during the current lapse in government appropriations; and (3) restricting employees' ability to obtain outside employment (or other form of compensation) during the current lapse in government appropriations;

89.     Any nominal damages;

90.     Reasonable attorneys' fees, costs, and expenses pursuant to 28 U.S.C. § 2412, and any other applicable law; and

91.     Any such other and further relief as this Court should find just and proper.

Respectfully submitted,

Date:   January 11, 2019

 /s/ Daniel Clark.
Michael Kator, D.C. Bar No. 366936
Cathy A. Harris, D.C. Bar No. 467206
Daniel Clark, D.C. Bar No. 156052
KATOR, PARKS, WEISER & HARRIS, PLLC
1200 18th Street, N.W.
Suite 1000
Washington, DC 20036
Phone: (202) 898-4800
Fax: (202) 289-1389
mkator@katorparks.com
charris@katorparks.com
dclark@katorparks.com

*Attorneys for Plaintiffs*